*497 OPINION.
TRAmmell
: The stipulation of the taxpayer and the Commissioner set out in the findings of fact disposes of the asset values on January 1, 1917, the amount upon which depreciation should be computed, and, in part only, the amount to be restored to invested capital on account of the Commissioner’s adjustment for depreciation for prior years.
The questions in dispute are: (1) The amount taxpayer is entitled to take as deductions from gross income for 1917 on account of the exhaustion, wear and tear of certain assets; (2) whether depreciation taken by the taxpayer in prior years should be increased in determining invested capital; and (3) the March 1, 1913, value of the Amco suspension patent on which the deduction on account of the exhaustion thereof should be computed.
The rates at which depreciation has been computed by the Commissioner on various assets and the rates claimed by the taxpayer are set out in the findings of fact. The evidence submitted by the taxpayer in support of the rate of 4 per cent on frame buildings consisted principally of the testimony of its master mechanic, who stated that the principal frame buildings were known as buildings 3, 4 and 5; that in 1917 the oldest building would be 27 years old, the others 23 and 20; that extraordinary precaution was taken in repairing buildings, and in his opinion the rate of depreciation should be 5 or 6 per cent per annum. The opinion of this witness is inconsistent with demonstrated facts, since the buildings are all over 20 years old and in good repair. The evidence discloses that all buildings were carried in one account and no segregation was made as to the amount of brick and frame buildings separately. It may be that the Commissioner considered the character, construction, use and other relevant facts relating to the frame buildings when he determined that a composite rate of 2 per cent on all buildings was proper. Even if we were of the opinion from the evidence that the frame buildings taken alone suffered exhaustion at a greater rate than that allowed by the Commissioner, the taxpayer has not established that the composite rate on all buildings taken together is not fair and reasonable.
With respect to the deduction on account of the exhaustion, wear and tear of the power plant, machinery, factory fixtures and patterns, we are not convinced from the evidence that such assets had a shorter useful life than that determined by the Commissioner.
No evidence was introduced with respect to depreciation for prior years further than that the Commissioner determined that the taxpayer had not made adequate deductions therefor. If the taxpayer actually charged betterments and replacements to expense so as to *498 practically balance proper deductions for depreciation, we have been furnished no evidence thereof. The taxpayer claims that the depreciation determined for prior years is excessive and that determined for the taxable year is inadequate. The Commissioner appears, however, to have used the same rate throughout. In the absence of any evidence we must approve the determination of the Commissioner with respect to the depreciation for prior years.
The second issue involved is the value of the Amco suspension patent for depreciation purposes. The taxpayer contends that this patent had a March 1, 1913, value of $600,000, on which the deduction for exhaustion, wear and tear should be computed for 1917. The taxpayer had other patents in addition to the Amco suspension patent and all were carried on the books of the taxpayer at $250,000 at March 1, 1913.
The bookkeeping entries are not conclusive as to values which are shown therein. They are only evidentiary at most and may be overcome by evidence. There is no evidence that the bookkeeping entries even pretended to reflect actual values or costs as they existed on that date. If the assets appearing on the books had increased in value since the date of acquisition the taxpayer is entitled to revalue them as of March 1,1913, for the purpose of taking a deduction on account of the exhaustion, wear and tear thereof.
In determining what the March 1, 1913, value was we should consider all the facts and circumstances as they existed at that time, including the reasonable prospects for the future. It is not necessary to set out here the facts which are contained in the foregoing findings of fact, but from a consideration of all the facts, including the testimony of persons who were qualified to express their opinions with respect thereto, we are of the opinion that the Amco suspension patent, on March 1, 1913, had a value of at least $225,000, on which the taxpayer should be allowed to take a deduction on account of the exhaustion.
Since the invested capital can not be determined due to the fact that the cost of the acquisition of the patent herein referred to and the other patents of the taxpayer can not be determined, the tax should be computed under the provisions of section 210 of the Revenue Act of 1917, and the tax so determined by the Commissioner will be considered final.
Order of redeterrrdnation will be entered on 10 days’ notice, under Rule 50.